[Cite as *State v. Williams*, 2011-Ohio-6183.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   24365 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-1859/1 |
| v. | : | |
| | : | |
| JEFFREY E. WILLIAMS | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of December, 2011.

. . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O.
Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorneys for Plaintiff-Appellee

BROCK A. SCHOENLEIN, Atty. Reg. #0084707, Flanagan, Lieberman, Hoffman & Swaim,
15 West Fourth Street, Suite 100, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

        Jeffrey E. Williams appeals from his conviction and sentence following guilty pleas to

two counts of forgery and one count of theft, all fifth-degree felonies.

        After revoking intervention in lieu of conviction (ILC), the trial court filed a

November 23, 2010 termination entry sentencing Williams to concurrent twelve-month prison terms. Williams's appointed appellate counsel has filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting the absence of any non-frivolous issue for our review. Counsel also has requested permission to withdraw. The *Anders* brief raises three potential issues, each of which counsel has concluded is frivolous. Despite being given a specific opportunity from this Court to do so, Williams has not filed a brief of his own.

Upon review, we agree with appellate counsel that the three potential issues he raises are frivolous. The first issue concerns the trial court's revocation of ILC. Counsel notes that revocation of ILC was not mandatory and suggests that revocation was inappropriate here. We see no arguable merit in this claim. Williams admitted violating his ILC conditions by failing to report to his probation officer and the drug court. Before accepting the admission, the trial court informed Williams that it was going to sentence him to prison. Williams made the admission anyway. The trial court proceeded to revoke ILC, finding him no longer amenable to intervention. The trial court based this determination on the fact that Williams's behavior while on ILC had precluded him from being accepted into "the STOP program" and on the fact that he had committed additional felonies. The trial court then imposed concurrent twelve-month prison sentences, which apparently now have expired. We agree with appellate counsel that no non-frivolous issue exists regarding the trial court's revocation of ILC or its imposition of concurrent prison terms.

The second potential issue involves defense counsel's failure to seek a competency evaluation after Williams exhibited "violent and self-destructive episodes" while on ILC.

Counsel suggests that a competency assessment may have been appropriate based on evidence that, while being held in jail for new offenses, Williams repeatedly hit his head against a wall and required stitches. During the revocation hearing, Williams and his attorney attributed this behavior to depression and withdrawal.

Having reviewed the record, we see insufficient indicia of incompetency to find a non-frivolous issue as to whether defense counsel provided deficient representation by failing to seek a competency evaluation. Nor do we see a non-frivolous argument that Williams was prejudiced by counsel's failure to raise the issue. Williams's act of hitting his head against a wall in jail does not negate the fact that he admittedly violated ILC by failing to report to his probation officer and the drug court. Nor does Williams's behavior negate the fact that he had committed additional felonies, thereby justifying the trial court's decision.

The third potential issue concerns the trial court's decision to have the charges against Williams and a co-defendant read together. As its pertains to Williams, the plea-hearing transcript contains the following reading of the charges by the prosecutor:

"With regard to Count One, Jeffrey Williams and Emily Kujat, on or about May 28, 2010, in Montgomery County, state of Ohio, with purpose to defraud, or knowing he and she was facilitating a fraud, did utter, possess with purpose to utter, any writing, to wit: a check, which he and she both knew to have been forged, in violation of 2929.31(A)(3).

"Count Two, Jeffrey Williams and Emily Kujat, on or about May 28, 2010, in Montgomery County, state of Ohio, with purpose to defraud, or knowing he and she was facilitating a fraud, did forge any writing of another without that person's authority, in violation of 2929.31(A)(1).

"With regard to Count Three, Jeffrey Williams, on or about May 28, 2010, with purpose to deprive the owner, to wit: Karen Metzner, of property or services, did knowingly and without her consent obtain the control over her property, to wit: checks, which is stolen property listed in 2913.71.

"All of this is in violation of 2913.02(A)(1), theft, a felony of the fifth degree."

After the charges were read, the trial court asked Williams and Kujat if they understood the charges and if the facts alleged were true. Williams and Kujat separately responded affirmatively to both questions. Appellate counsel suggests, however, that Williams may have been confused by "the assertion that a man and a woman are both culpable for the same conduct[.]" As a result, counsel suggests that Williams may not have entered his guilty pleas knowingly, intelligently, and voluntarily. Upon review, we find nothing confusing about the prosecutor's reading of the charges against Williams, who expressed no confusion. We see no non-frivolous issue for appellate review regarding the validity of Williams's pleas.

Finally, pursuant to our responsibilities under *Anders*, we independently have reviewed the record in this case. Having done so, we agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review. Counsel's request to withdraw from further representation is granted, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Carley J. Ingram

Brock A. Schoenlein
Jeffrey E. Williams
Hon. Timothy N. O'Connell